UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

EDWARD LITTS,

    Plaintiff,

Civil Action No. 22-cv-923

v.

GENERAL INSULATION, INC.,

    Defendant.

---

**COMPLAINT**

---

Plaintiff Edward Litts, by and through his counsel, William Wetzel and Cross Law Firm, S.C., complains and states as follow against Defendant General Insulation, Inc. ("General Insulation").

**NATURE OF ACTION**

1. Plaintiff brings action against General Insulation alleging violations of the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. §§ 2601 *et seq*., to provide appropriate relief to Plaintiff who was terminated from his job upon his request to return to work after an absence that qualified for the protections of this Act and was not reinstated to his position interfering with and/or in retaliation for exercising his rights under the FMLA. Plaintiff seeks back pay, reinstatement or front pay in lieu of reinstatement, liquidated damages, attorneys' fees and costs, and any other relief to which he is entitled by law.

## JURISDICTION

2. This Court has jurisdiction of the federal claim and the parties pursuant to 28 U.S.C. § 1331. This action is authorized and arises under federal law pursuant to 29 U.S.C. § 2617, applying to the FMLA.

3. Venue is appropriate within the United States District Court State of Wisconsin, Eastern District Green Bay Division, pursuant to 28 U.S.C. § 1391(b)(1) as all parties reside or exist in the Eastern District of the State of Wisconsin, and the events and omissions giving rise to this claim occurred in that District.

## PARTIES

4. Plaintiff Edward Litts ("Litts" or "Plaintiff") is currently a citizen of the State of Wisconsin residing in the City of Marinette, Marinette County, WI. While employed by the Defendant, Plaintiff was a resident of the City of Menominee, Menominee County, MI. At all times relevant hereto, Plaintiff was an eligible employee as the term is defined under the FMLA.

5. Defendant General Insulation is a foreign corporation not authorized to do business in the State of Wisconsin. Defendant does business in the City of Marinette, Marinette County, WI. It has no registered agent for service of process in Wisconsin. Defendant is incorporated in Alabama and its registered agent there is Mark Clark 3555 Hurricane Bay Drive, Theodore, AL 36582.

6. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4) which has employees subject to the provisions of the FMLA at its Marinette location where Plaintiff was employed. Specifically, at the relevant time Defendant employed more than 50 employees at its Marinette location.

## FACTS

7. Plaintiff began full time work with Defendant in July of 2017, at its Marinette location and remained employed there until his employment was terminated on June 23, 2021.

8. At all times relevant to this complaint, Defendant employed over fifty employees within a seventy-five-mile radius of its Marinette location where it employed Plaintiff.

9. At all times relevant to this complaint, and beginning as around July 2018, Plaintiff was an eligible employee as that term is defined by § 101(2) of the FMLA, 29 U.S.C. § 2612 including having met the 1,250 hours of service during 12 months prior to the start of leave.

10. At all times relevant to this complaint after July 2018, Plaintiff had the protected right to medical leave pursuant to the provisions of the FMLA, 29 U.S.C. § 2612.

11. During his employment with General Insulation, Plaintiff was employed in several roles, including Laborer, Yard Supervisor, Assistant Yard Manager, and lastly as Yard Manager.

12. Beginning on March 20, 2021, Plaintiff suffered from a "serious health condition" under the FMLA, a broken fibula, which interfered with his ability to work. Plaintiff required surgery for this condition in May 2021.

13. Prior to his surgery, in May of 2021 Plaintiff disclosed his serious health condition to Defendant and requested medical leave for his surgery, recovery, and rehabilitation.

14. In May of 2021 Defendant Production President Gary Arnold approved Plaintiff's request for medical leave.

15. On May 20, 2021, Plaintiff commenced medical leave.

16. On May 21, 2021, Plaintiff called Gary Arnold and informed him that he would need approximately seven weeks of medical leave. Mr. Arnold told him to "heal up and we'll see you in seven weeks." Mr. Arnold stated that he would have another employee cover Plaintiff's workload while Plaintiff was on medical leave.

17. On May 24, 2021, Plaintiff texted Mr. Arnold to inform him that he would be undergoing surgery the following day, and that he would be returning to work in five to seven weeks. He inquired whether he would still have a job upon his return. Mr. Arnold replied via a text stating, "I don't see why not. Good luck on your procedure."

18. On June 23, 2021, Plaintiff called Mr. Arnold to inform him that his doctor was releasing him to work with no restrictions on July 7, 2021. Mr. Arnold replied, "I have no open positions for you at this time."

19. After the phone call on June 23, 2021, Mr. Arnold texted Plaintiff, "I don't think there is going to be a spot available but contact Brad [Jones]." Mr. Jones was, at the time, working as Yard Manager for Defendant.

20. On June 23, 2021, Plaintiff contacted Mr. Jones and requested to return to his job. Mr. Jones denied that request and stated that he was satisfied with his leadership team.

21. On June 24, 2021, Mr. Arnold texted Plaintiff and stated, "At this time I don't think there is going to be a spot available for you." Plaintiff replied by inquiring why he lost his position. He never received a response, or any further contact from Defendant.

22. Defendant interfered with Plaintiff's FMLA rights by failing to provide him notice of his FMLA rights. Defendant did not post the DOL required poster about the FMLA in the workplace, did not provide the required notice in an employee handbook or other writing,

and did not provide Plaintiff with an eligibility notice within five business days of acquiring knowledge that Plaintiff's leave may be for an FMLA qualifying reason.

23. Defendant violated the FMLA when it interfered with Plaintiff's rights under the FMLA by terminating Plaintiff's employment and by terminating Plaintiff's employment in retaliation for his use of FMLA leave.

24. As a direct proximate cause of Defendant's termination of Plaintiff, in violation of the FMLA, Plaintiff has suffered economic loss, including loss of wages and benefits.

25. This action is timely filed.

## COUNT I – FMLA VIOLATIONS

26. Plaintiff incorporates paragraphs 1-25 as though fully set forth herein.

27. Defendant interfered with Plaintiff's exercise of his rights under the FMLA by refusing to reinstate him into his prior role after he took protected medical leave. The FMLA prohibits employers from interfering with an employee's exercise of their rights under the FMLA. 29 U.S.C. § 2615(a)(1).

28. Defendant terminated Plaintiff's employment on June 23, 2021, because he attempted to exercise his rights under the FMLA. The FMLA prohibits discrimination or retaliation against an employee for exercising his FMLA rights or for opposing any practice made unlawful by the FMLA. 29 U.S.C. § 2615(a)(1).

29. Plaintiff was engaged in statutorily protected activity when he advised Defendant in May 2021 that he needed to take medical leave for surgery, and when he did take FMLA-qualifying leave on May 20, 2021.

30. But for having taken FMLA-qualifying leave and exercising his FMLA rights Plaintiff would not have been terminated

5

31. By terminating Plaintiff during and because of his statutorily protected FMLA-qualifying leave, Defendant denied or otherwise interfered with Plaintiff's substantive rights under the FMLA, and unlawfully discriminated and/or retaliated against Plaintiff for engaging in activity protected by the FMLA, in violation of 29 U.S.C. § 2615(a)(1) and (2).

32. Defendant's failure to follow the notice requirements of the FMLA interfered with, restrained, or were denial of Plaintiff's exercise of his FMLA rights.

33. As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employee benefits, and has had to retain an attorney to litigate this matter.

## **PRAYER FOR RELIEF**

**WHEREFORE**, it is respectfully prayed that this Court grant Plaintiff the following relief:

(a) Grant Plaintiff judgment in his favor.

(b) Order the Defendant to make Plaintiff whole by providing back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

(c) Order the Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses including out of pocket costs resulting from the unlawful employment practices described above, in amounts to be determined at trial.

(d) Order the Defendant to reinstate Plaintiff to his prior position and seniority level, or, in the alternative, award Plaintiff front pay.

(e) Order Defendant to pay Plaintiff his reasonable attorney's fees and costs incurred as a result of bringing this action.

(f) Order the Defendant to pay Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A).

(g) Enjoin and permanently restrain Defendant from violating the FMLA.

(h) Grant Plaintiff any further and additional relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby requests trial by jury of all issues triable under federal law.

Respectfully submitted and dated this 12th of August 2022.

        **Cross Law Firm, S.C.**
        Attorneys for Plaintiff, Edward Litts

        By: /s/ William Wetzel
            William Wetzel
            State Bar No. 1093711
            Mary C. Flanner
            State Bar No. 1013095
            Cross Law Firm, S.C.
            845 N. 11th Street
            Milwaukee, WI 53233
            Tel: (414) 224-0000
            Fax: (414_ 273-7055
            Wetzel@crosslawfirm.com
            mflanner@crosslawfirm.com